[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13039

_____

D.C. Docket No. 3:09-cv-00041-DHB

ANDREW H. BRANNAN,

Petitioner-Appellant,

versus

GDCP WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 8, 2013)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Petitioner Andrew Brannan, a Georgia prisoner on death row, appeals from

the district court's denial of his first petition for writ of habeas corpus, brought

pursuant to 28 U.S.C. § 2254.  The district court denied the petition in a written order which also denied Brannan a certificate of appealiability.  This Court granted Brannan a limited certificate of appealability on two claims:

> (1) the prosecutor exercised peremptory strikes in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).

> (2) he was denied effective assistance of counsel during all phases of his trial in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

After careful review of the state court record and federal proceedings, we affirm the district court's judgment denying habeas relief.

## I.    BACKGROUND

On January 12, 1998, Brannan shot and killed Laurens County Deputy Sheriff Kyle Dinkheller during a routine traffic stop.  Brannan v. State, 561 S.E.2d 414, 418–19 (Ga. 2002) (Brannan I).  This case is unusual in that almost all of this tragic event was captured on videotape from the dashboard of Deputy Dinkheller's patrol car.  Id. at 419.  A detailed description of the traffic stop and murder are set forth in the Georgia Supreme Court's opinion on direct appeal.  Id. at 418–20.

During jury selection, the state used seven of its ten peremptory strikes to remove prospective African-American jurors from the panel.  Id. at 422.  Three African-Americans served on the jury, although there were eleven African-Americans on the jury panel before jury selection.  Id.  Brannan made a Batson

2

challenge immediately after the state made its peremptory strikes.  Before the trial

court had an opportunity to rule on whether Brannan had made a prima facie

showing of discriminatory intent, the state offered race-neutral reasons for each of

its seven strikes, rendering a preliminary showing of a prima facie case

unnecessary.  Id. at 422 (citing Hernandez v. New York, 500 U.S. 352, 359, 111 S.

Ct. 1859, 1866 (1991)).  After hearing the state's proffered reasons and Brannan's

response to each of the seven jurors individually, the trial court ruled separately on

each juror.  In each instance, the trial court denied Brannan's Batson challenge.

Brannan was found guilty of malice murder for the shooting death of Deputy

Dinkheller.  Id. at 418.  The same jury unanimously recommended a death

sentence after finding three aggravating circumstances: (1) "the offense of murder

was outrageously or wantonly vile, horrible or inhuman in that it involved torture,

depravity of mind, and an aggravated battery to the victim before death;" (2) "the

offense of murder was committed against a peace officer while engaged in the

performance of his official duties;" and, (3) "the murder was committed for the

purpose of avoiding, interfering with, or preventing a lawful arrest of the

defendant."   Id. at 418; see also Ga. Code. Ann. § 17-10-30(b)(7), (8), (10).

Brannan's conviction and death sentence were affirmed by the Georgia

Supreme Court in a written opinion which expressly considered and rejected

Brannan's Batson claim.  Id. at 422, 429.  The United States Supreme Court denied

3

Brannan's petition for writ of certiorari.  Brannan v. Georgia, 537 U.S. 1021, 123 S. Ct. 541 (2002), reh'g denied, 537 U.S. 1150, 123 S. Ct. 957 (2003).

In May 2003, Brannan filed a state habeas petition in the Superior Court of Butts County.  After holding an evidentiary hearing in August 2006, the state habeas court issued a written order finding that Brannan had been denied effective assistance of counsel in numerous respects and vacating his death sentence for purposes of retrial.

On November 3, 2008, the Georgia Supreme Court reversed the state habeas court's judgment and reinstated Brannan's conviction and death sentence in a written opinion.  Hall v. Brannan, 670 S.E.2d 87, 91 (Ga. 2008) (Brannan II).[1]  The state supreme court expressly considered and rejected Brannan's ineffective assistance of counsel claims on the merits, concluding that counsel did not perform deficiently and that Brannan did not suffer prejudice as a result of trial counsel's alleged deficiencies.  Id. at 91–96.  The court denied reconsideration on December 15, 2008.  Id. at 87.

Brannan then filed a § 2254 petition for writ of habeas corpus in the district court for the Southern District of Georgia.  After briefing, the district court denied the petition in a comprehensive 120 page order.  With respect to Brannan's

---

[1]  The Georgia Supreme Court observed that the state habeas court's "order clearly vacate[d] Brannan's death sentence; however, it was unclear whether it also vacate[d] Brannan's conviction."  Brannan II, 670 S.E.2d at 91.

ineffective assistance of counsel claims, the district court considered and rejected eight separate allegations.  Ultimately, the district court determined that the Georgia Supreme Court's adjudication of Brannan's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, Stickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), nor an unreasonable determination of the facts.  The district court also rejected Brannan's argument that the state court's adjudication of his Batson claim was: (1) an unreasonable application of Batson under § 2254(d)(1); or (2) an unreasonable determination of the facts under § 2254(d)(2).  The district court individually considered each of the seven black jurors stricken by the state.

## II.    STANDARD OF REVIEW

"We review de novo a district court's grant or denial of a habeas corpus petition."  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010).  To warrant habeas relief under the Antiterrorism and Effective Death Penalty Act (AEDPA), Brannan must establish not only that his constitutional claim is meritorious, but also that the state court's adjudication of that claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

28 U.S.C. § 2254(d); see also McGahee v. Ala. Dep't of Corr., 560 F.3d 1252, 1266 (11th Cir. 2009) ("Where we have determined that a state court decision is an unreasonable application of federal law under 28 U.S.C. § 2254, we are unconstrained by § 2254's deference and must undertake a de novo review of the record.").

In addition, a state court's finding of fact is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). AEDPA's "statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001). We must presume the state court's factual findings to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. Id. at 835–36; see also 28 U.S.C. § 2254(e)(1).

As relevant to Brannan's case, a determination of purposeful discrimination at Batson's third step is a pure question of fact entitled to a presumption of correctness. See Hernandez, 500 U.S. at 364–65 (plurality opinion). In contrast, determinations of deficient performance and prejudice under Strickland are mixed questions of law and fact, not entitled to a presumption of correctness. See Cade v. Haley, 222 F.3d 1298, 1302 (11th Cir. 2000). We consider each of Brannan's constitutional claims in turn.

6

### III.    BATSON

In Batson, the Supreme Court outlined a three-step test for evaluating whether a prosecutor's use of peremptory challenges is a constitutional violation: (1) the defendant must establish a prima facie case to support an inference of purposeful discrimination; (2) if a prima facie case is established, the prosecutor must provide race neutral reasons for the strike; and (3) the trial court then has "the duty to determine if the defendant has established purposeful discrimination." 476 U.S. at 96–98, 106 S. Ct. at 1723–24. Only the third step is at issue here.

Under AEDPA, a state court's finding of no purposeful discrimination at Batson's third-step is entitled to deference unless it is: (1) contrary to, or an unreasonable application of, Batson and its progeny, see 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). As relevant to Brannan's case, we have held a state court unreasonably applies Batson's third-step under § 2254(d)(1) when it does "not consider 'all relevant circumstances' in its analysis of the trial court's ruling." McGahee, 560 F.3d at 1261; see also id. at 1264. If the state court does not unreasonably apply federal law at Batson's third-step—that is, the state court "confront[s] the decisive question and evaluate[s] the credibility of the prosecution's explanation, in light of all evidence with a bearing on it," Parker v. Allen, 565 F.3d 1258, 1270 (11th Cir. 2009) (quotation marks and

7

citation omitted)—the petitioner may obtain relief only by showing that the state court's conclusion was an unreasonable determination of the facts under § 2254(d)(2). See id. at 1271.

Brannan argues the state violated Batson by using at least one peremptory strike in a racially discriminatory manner. Brannan concedes the state courts' application of Batson's first two steps was not unreasonable. However, he contends that many of the reasons offered by the state are contradicted by the transcript and that the state courts failed to assess the plausibility of the state's proffered reasons in light of the totality of the evidence, as required by Batson.

After carefully reviewing the state court record, we cannot say the Georgia Supreme Court failed to consider all relevant circumstances in adjudicating Brannan's Batson claim, such that its adjudication was contrary to, or an unreasonable application of clearly established federal law within the meaning of § 2254(d)(1). Nor can we conclude, as § 2254(d)(2) requires, that the state court's adjudication of his Batson claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Just the opposite is true.

Here, after the Georgia Supreme Court explicitly identified Batson as the governing standard and accurately summarized the composition of the jury, the court rejected Brannan's Batson claim, stating:

8

The trial court ruled that Brannan did not meet his burden of showing that the State acted with discriminatory intent. This ruling will be affirmed unless clearly erroneous.

Five of the prospective jurors expressed reservations about imposing the death penalty, in addition to other valid race-neutral reasons, such as being previously charged with a criminal offense, claiming hardship due to bankruptcy or physical disability, or having a relative currently facing criminal prosecution. The sixth prospective juror learned in nursing school about post-traumatic stress disorder, which was to figure prominently in Brannan's defense, and the district attorney's office had previously prosecuted her for fraud. These were valid race-neutral reasons for the State to strike her. See Jackson v. State, 463 S.E.2d 699 (1995) ("'Unless a discriminatory intent is inherent in the . . . (proponent's) explanation, the reason offered will be deemed race neutral.'"). The seventh prospective juror served four years in the Marine Corps in the 1960's, including a tour in Vietnam as a truck driver. He said that he had known Marines with post-traumatic stress disorder ("PTSD") who would "freak out" or "snap," and that he knew they had PTSD because "the corpsman said they had [it]." The State explained that a white Vietnam veteran they did not strike was not similarly situated. That prospective juror had served 21 years in the Marine Corps as a sergeant, including a combat tour in Vietnam in the infantry, and, when asked about PTSD, said, "I ain't never had the problem with that." The trial court did not err by finding that this reason was race-neutral. Since Brannan failed to carry his burden of proving purposeful discrimination by the State during jury selection, this enumeration of error is without merit.

Brannan I, 561 S.E.2d at 422 (alterations in original) (some citations omitted).

As the Supreme Court has said, a state court's finding of no discriminatory intent is a fact-finding entitled to deference and "we presume the [Georgia] court's factual findings to be sound unless [Brannan] rebuts the 'presumption of correctness by clear and convincing evidence.'" Miller-El , 545 U.S. at 240, 125 S. Ct. at 2325. Brannan has not met that burden. We cannot, therefore, substitute

9

our evaluation of the record for that of the state trial court or the state supreme court.  Based on the state courts' reasonable application of clearly established federal law, acceptance of the prosecutor's stated reasons for its strikes, and consideration of all the relevant circumstances bearing on the question of discriminatory intent, the district court did not err in concluding that the state court reasonably applied Batson and that Brannan failed to prove purposeful discrimination.  See Parker, 565 F.3d at 1272.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

The merits of Brannan's ineffective assistance of counsel claim are "squarely governed" by the Supreme Court's holding in Strickland , 466 U.S. 668, 104 S. Ct. 2052.  See Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511 (2000).  Under Strickland, Brannan must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense."  466 U.S. at 687, 104 S. Ct. at 2064.  To show prejudice, Brannan must show there is "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. 2068.

Brannan argues he was denied the right to effective assistance of counsel at all phases of his capital trial.  He broadly avers the Georgia Supreme Court's reversal of the state habeas court's grant of relief was contrary to and unreasonable application of clearly established federal law and based on an unreasonable

10

determination of the facts.  Specifically, Brannan says trial counsel were ineffective in three distinct ways: (1) failing to present evidence that the offense was directly related to Brannan not being medicated; (2) failing to present testimony from Dr. Boyer (Brannan's treating psychiatrist); and (3) failing to investigate and present a detailed and corroborated mitigation case concerning Brannan's experience in Vietnam and post-traumatic stress disorder.

Since a habeas petitioner must show both deficiency and prejudice, we may dispose of a Strickland claim based on a determination that a defendant has failed to show either prong without considering the other.  See Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.  This case can be resolved by consideration of only the prejudice prong.

Assuming, without deciding, that Brannan could show his trial counsels' performance was deficient and that he could pierce AEDPA's deference,[2] we

---

[2]  It is not necessary to devote resources to deciding the question of whether AEDPA deference applies in this case because, even if AEDPA deference does not apply, Brannan "cannot show prejudice under de novo review, the more favorable standard of review."  Berghuis v. Thompkins, 560 U.S. 370, ___, 130 S. Ct. 2250, 2265 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review, see § 2254(a)."); see also Wellons v. Warden, 695 F.3d 1202, 1213 (11th Cir. 2012) (conducting de novo review without deciding whether AEDPA deference applies); Trepal v. Sec'y, Fla. Dep't of Corr., 684 F.3d 1088, 1109–10 (11th Cir. 2012) (same). We emphasize that we are not deciding whether AEDPA deference applies to the state court's adjudication of Brannan's Strickland claim.  We are well aware that the Supreme Court has repudiated the notion that AEDPA's "unreasonableness question" is the same as an appellate court's "confidence in the result it would reach under de novo review."  Harrington v. Richter, ___ U.S. ___, ____, 131 S. Ct. 770, 786 (2011).

11

conclude that he has not demonstrated Strickland prejudice even under de novo review. We have carefully reviewed the Georgia Supreme Court's two written opinions which together detail the facts and circumstances underlying Brannan's offense, trial, penalty phase, and state postconviction proceedings. See Brannan I, 561 S.E.2d 414; Brannan II, 670 S.E.2d 87.

We have also independently reviewed the entire state court record, given due consideration to the parties' briefs, and had the benefit of oral argument. We conclude, for the combination of reasons expressed by Georgia Supreme Court, see Brannan II, 670 S.E.2d at 93–96, and the district court, that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the [guilt phase] proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2068. With respect to Brannan's death sentence, we have carefully considered "'the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding'—and 'reweig[hed] it against the evidence in aggravation.'" Porter v. McCollum, 558 U.S. 30, 41, 130 S. Ct. 447, 453–54 (2009) (quoting Williams, 529 U.S. at 397–98, 120 S. Ct. at 1515). Based upon the evidence from the state court record and in light of Strickland, we conclude there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the [sentencing] proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2068.

12

The evidence presented during the postconviction hearing "would barely have altered the sentencing profile presented to the sentencing judge." Id. at 700, 104 S. Ct. at 2071.  To be sure, Brannan's postconviction case for mitigation is decidedly better than that presented at his trial.  However, the differences between his postconviction and trial mitigation are not meaningful enough to establish a reasonable probability of a different outcome, as in Porter and other cases in which the Supreme Court has found deficient performance and prejudice, such as Rompilla v. Beard, 545 U.S. 374, 125 S. Ct. 2456 (2005), Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527 (2003), and Williams, 529 U.S. 362, 120 S. Ct. 1495.

For all of these reasons, we affirm the district court's denial of habeas relief.

**AFFIRMED.**